The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbosacral region of the plaintiffs spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]) and, in any event, were not caused by the subject *985 accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]). The defendants also submitted competent medical evidence establishing, prima facie, that the alleged injuries to the thoracic region of the plaintiffs spine were not caused by the subject accident (id. at 787).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Eng, EJ., Skelos, Chambers and Sgroi, JJ., concur.